SHERRY B. SHAVIT, ESQ.; STATE BAR NO.: 193222
Email: sshavit@tharpe-howell.com
EDWARD M. DEMIRJIAN, ESQ.; STATE BAR NO. 317168
Email: edemirjian@tharpe-howell.com
**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth
Floor
Sherman Oaks, California 91403
Telephone: (818) 205-9955
Fax: (818) 205-9944 fax

Attorneys for Defendant,
ADP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| MARIA SANDOVAL,<br><br>                    Plaintiff,<br><br>v.<br><br>ADP, LLC and DOES 1-20,<br><br>                    Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 AND 1441(B) (DIVERSITY JURISDICTION)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant ADP, LLC (hereinafter "Defendant") hereby removes the above-entitled action, Case No. 20CV362564, from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, San Jose Division, pursuant to 28 U.S.C. §§ 1332 and 1441(b). Defendant makes the following allegations in support of its Notice of Removal:

## I.      JURISDICTION AND VENUE ARE PROPER

1.      This is a civil action over which this Court has original jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. §1332, and is one which may

be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391(b)(2) and 1446.

## II.      INTRADISTRICT ASSIGNMENT

3.      This civil action is assignable to the San Jose Division of the Northern District of California.  Per Local Civil Rule 3-2(c), "[a] civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred…."  Here, Plaintiff's claims stem from her employment with Defendant, during which "[pl]aintiff was employed by Defendant ADP, LLC in Santa Clara, California from July 6, 1998 until June 19, 2018."  (Ex. 1, Complaint, ¶ 1.)  Under, Local Civil Rule 3-2(e), all civil actions that arise in Santa Clara County shall be assigned to the San Jose Division.  Therefore, there is sufficient basis for this civil action to be assigned to the San Jose Division of the Northern District of California.

## III.      PLEADINGS, PROCESS AND ORDERS

4.      On or about January 27, 2020, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Santa Clara, entitled *Maria Sandoval v. ADP, LLC and DOES 1-20,* designated as Case No. 20CV362564 (hereinafter, the "Complaint").  True and correct copies of the Summons, Complaint, Alternative Dispute Resolution Information Sheet, Civil Lawsuit Notice, Civil Case Cover Sheet and Proof of Service are attached hereto and incorporated herein by reference as **Exhibit 1**.  These documents were personally served on Defendant's registered agent for service of process, CT Corporation System, on February 18, 2020.  A true and correct copy of CT Corporation's Service of Process Transmittal form is attached hereto and incorporated herein by reference as **Exhibit 2**.

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 AND 1441(B) (DIVERSITY JURISDICTION)

5.      A true and correct copy of Defendant's Answer to the Complaint, filed on or about March 12, 2020, is attached hereto and incorporated herein by reference as **Exhibit 3.**

6.      The attached exhibits constitute all the papers and processes that have been filed or received by Defendant in this matter.

7.      This Notice of Removal is timely filed because it has been filed within thirty (30) days of service upon Defendant of Plaintiff's Summons and Complaint and within one year of the filing of the Complaint. 28 U.S.C. §1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by the simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

8.      The Complaint also names as defendants "DOES 1-20." Defendant is informed and believes and on that basis alleges that none of the fictitiously named defendants have been served with a copy of the Summons and Complaint. Therefore, the fictitiously named defendants are not parties to the above-captioned action and need not consent to removal. *See Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. § 1441(a).

## IV.    <u>JURISDICTION</u>

9.      The Court has complete diversity jurisdiction over this action because diversity of citizenship exists between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

## A.    <u>DIVERSITY OF CITIZENSHIP EXISTS</u>

10.     For purposes of removal, the citizenship of Doe defendants is disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1

**Plaintiff Maria Sandoval**

2

11.     Citizenship of a natural person is established by domicile.  28 U.S.C. §

3

1332(a)(1) (an individual is a citizen of the state in which he is domiciled).  A person's

4

domicile is established by physical presence and an intent to remain indefinitely.  *Lew*

5

*v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986); *State Farm Mutual Auto Insurance Co.*

6

*v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of

7

domicile for purposes of determining citizenship).

8

12.     In her Complaint, Plaintiff alleges that she resided in "the County of Santa

9

Clara, State of California." (Ex. 1, Complaint, ¶ 1.)  Defendant is further informed and

10

believes, and based thereon alleges, that Plaintiff continues to reside in Santa Clara

11

County, California.   Therefore, because Plaintiff resides in the state of California,

12

Plaintiff is deemed a citizen of that state for purposes of determining this Court's

13

diversity jurisdiction.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.

14

2001).

15

**Defendant ADP, LLC**

16

13.     Citizenship of a limited liability company is determined by examining the

17

citizenship of each member of the company.  *Johnson v. Columbia Props. Anchorage,*

18

*LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of

19

every state of which its owners/members are citizens.").   Moreover, for diversity of

20

citizenship purposes, a corporation is a citizen of the state under whose laws it is

21

organized or incorporated and the state of its principal place of business. 28 U.S.C. §

22

1332(c); *see L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932,

23

939 (9th Cir. 2011).

24

14.     ADP, LLC is a limited liability company which is formed in the state of

25

Delaware.  (Declaration of Kevin Skelly ("Skelly Decl."), ¶ 3.)  ADP, LLC is a single-

26

member LLC. (*Id.*, ¶ 4.)  That member is ADP Atlantic, LLC, which too is formed in

27

the state of Delaware and also has a single member, being Automatic Data Processing,

28

Inc.  *Id.*  ADP, LLC's member, Automatic Data Processing, Inc., is headquartered in

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

Roseland, New Jersey and incorporated in Delaware.  (*Id.*, ¶ 5.)  New Jersey is where Automatic Data Processing, Inc.'s high level officers direct, control, and coordinate ADP, LLC's activities.  *Id.*  Neither California, nor any other state in which ADP, LLC operates in, contains a substantial predominance of the company's operations.  *Id.*  Under *Hertz Corp v. Friend,* 559 U.S. 77 (2010), ADP, LLC is a citizen of New Jersey and Delaware. 28 U.S.C. §1332(c).

15.    Thus, complete diversity between Plaintiff (a citizen of California) Defendant (citizen of New Jersey and Delaware) exists.

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

16.    Plaintiffs' Complaint is silent as to the amount of damages claimed.  The failure of the Complaint to specify the amount of damages sought by Plaintiffs does not deprive this Court of jurisdiction.  *See, White v. J.C. Penny Life Ins. Co.,* 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "**any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim.**") (emphasis added).

17.    To satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000.  "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).  "Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

18.    In *Chavez v. JPMorgan Chase* 888 F.3d 413 (9th Cir. 2018), the Ninth Circuit held that the amount in controversy is not limited to damages incurred prior to removal. Rather, the amount in controversy is determined by the complaint operative

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious. *Chavez, supra*, 888 F. 3d at pp. 414-415. That the amount in controversy is assessed at the time of removal does <u>not</u> mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy. *Chavez, supra*, at p. 417, citing *Steel v. United States* 813 F.2d 1545, 1547(9th Cir. 1987). Thus, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails, including future lost wages.

19.    Plaintiff seeks financial loss damages in the form of lost earnings, back pay, equity, employment benefits, and other economic losses. (Ex. 1, Complaint, ¶¶ 34, 39, 44, 51, 56, 61 and the Prayer.) Plaintiff alleges her employment was terminated on April 19, 2020. (Ex. 1, Complaint, ¶ 12.) Although, she also alleges her last day of employment with Defendant was June 19, 2018. (*Id.*, ¶¶ 1 and 24.) Regardless, Plaintiff's 2017 W-2 statement indicates she earned $276,082.72 and her 2018 W-2 statement stated she earned $127,301.33. (Skelly Decl., ¶ 6, Ex. A.) Assuming this case goes to trial one year from the date of this removal, Plaintiff could claim well over $75,000 just in lost wages, let alone future wages.

20.    Plaintiff also claims that she has suffered and continues to suffer emotional distress, humiliation, anguish, and embarrassment. (Ex. 1, Complaint, ¶ 35, 40, 45, 52, 57, 62, 67, and the Prayer.) Plaintiff does not limit the amount of damages she is seeking. In similar discrimination and/or wrongful termination cases, plaintiffs have been awarded economic and non-economic damages well over the jurisdictional amount. *See, e.g., Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893 (1998) (the court of appeal affirmed the trial court's decision where a jury awarded a terminated employee $322,975 in compensatory damages, $225,000 emotional distress damages, and $800,000 in punitive damages as a result of corporate "downsizing" that was found to constitute age discrimination in violation of the Fair Employment and Housing Act ("FEHA")); *Santantonio v. Westtinghouse Broadcasting*, 25 Cal. App. 4th 102 (2011)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

(at the trial level, a jury denied awards to two plaintiffs but did award one of the plaintiffs $153,844 in economic damages, $100,000 in emotional distress damages, and $180,182.60 in attorneys' fees and costs in a wrongful termination and age discrimination case against the former employer; at the appellate level, only one of the plaintiffs who was not awarded damages appealed and the trial decision was affirmed).

21.     Plaintiff also seeks reasonable attorneys' fees, costs of suit and punitive damages. (Ex. 1, Complaint, ¶¶ 36, 41, 46, 53, 58, 63, 68 and the Prayer.)  It is well settled that in determining whether a complaint meets the $75,000.00 amount in controversy, the Court should consider the aggregate value of claims for compensatory and punitive damages as well as attorneys' fees.  *See, e.g., Bell v. Preferred Life*, 320 U.S. 238, 240 (1943); *Goldberg v. C.P.C. Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts). Additionally, claims for exemplary damages and future attorneys' fees are to be considered as part of the amount in controversy, where attorneys' fees are provided by statute.  *Fritsch v. Swift Transportation Co. of Arizona,* 899 F.3d 785, 788 (9th Cir. 2018) ("[w]e conclude that if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy"); see also *Wright & Miller*, Federal Practice & Procedure, § 3712 (1971); *Graham v. Henegar*, 640 F.2d 732, 738, n. 9 (5th Cir. 1981). Here, attorneys' fees are provided by statute, specifically Cal. *Government Code* § 12965(b), thus requiring that Plaintiff's claims for such fees, including future fees, be considered in determining whether the "amount in controversy" requirement has been met.  *Fritsch*, *supra*, 899 F.3d at pp. 794-796; *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1988); *see also Brady v. Mercedes-Benz USA, Inc*., 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail.)  If proven, Plaintiff's allegations will entitle her to aggregate general, compensatory and punitive damages in an amount well in excess of

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

$75,000.00 exclusive of interest and costs. The potential attorneys' fees at issue also exceed $75,000.00.  Considering the aggregate of Plaintiff's claims, the amount in controversy is well in excess of the threshold jurisdictional amount of $75,000.00.

## V.     NOTICE TO COURT AND PARTIES

22.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Santa Clara.

## VI.   CONCLUSION

23.     For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

**WHEREFORE**, having provided notice as required by law and based on the above, the above-entitled action should hereby be removed from the Superior Court of the County of Santa Clara to this honorable District Court.


Dated:  March 19, 2020                              THARPE & HOWELL, LLP



                                                    By: _____/s/ Sherry B. Shavit_____
                                                        SHERRY B. SHAVIT
                                                        EDWARD M. DEMIRJIAN
                                                        Attorneys for Defendant
                                                        ADP. LLC

I:\31000-000\31288\Pleadings\Federal\Removal\Notice of Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# EXHIBIT "1"

*2/18/2020    2:20*

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>ADP, LLC, AND DOES 1-20<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>MARIA SANDOVAL | E-FILED<br>1/27/2020 3:06 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>20CV362564<br>Reviewed By: D Harris<br>Envelope: 3944018 |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Santa Clara Superior Court, Downtown Superior Court, 191 N. First St., San Jose, CA 95113 | CASE NUMBER: *(Número del Caso):*<br>**20CV362564** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Claudia J. Castillo, ResolvEmployment Law; 1592 Union St., Ste. 1650, San Francisco, CA 94123; (415) 346-9530

| DATE:<br>*(Fecha)*    1/27/2020 3:06 PM | Clerk of Court | Clerk, by<br>*(Secretario)*    D Harris | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ADP, LLC

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Corporation Code:17061 (limited liability company)
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

Claudia Castillo (State Bar No. 215603)
ResolvEmployment Law
1592 Union Street. Ste. 1650
San Francisco, CA 94123   .
Tel: (415) 346-9530
claudia@resolvemploymentlaw.com

Noah Levin (State Bar No. 263069)
Law Offices of Noah Levin
1592 Union Street. Ste. 280
San Francisco, CA 94123
Tel: (415) 547-0626
noah@lawofficesofnoahlevin.com

Attorneys for Plaintiff
Maria Sandoval

E-FILED
1/27/2020 3:06 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV362564
Reviewed By: D Harris

## SUPERIOR COURT OF CALIFONRIA

## IN AND FOR THE COUNTY OF SANTA CLARA

Maria Sandoval,

        Plaintiff,

vs.

ADP, LLC and DOES 1-20,

        Defendants.

Case No.   20CV362564

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

**COMPLAINT FOR DAMAGES**

1    Plaintiff Maria Sandoval, by and through her undersigned attorneys, hereby alleges as
2  follows:

3                                    **THE PARTIES**

4    1.    Plaintiff is, and at all times herein mentioned was, a resident of the County of
5  Santa Clara, State of California.  Plaintiff was employed by Defendant ADP, LLC in Santa
6  Clara, California from July 6, 1998 until June 19, 2018.

7    2.  Defendant ADP, LLC (hereinafter "ADP" or "Defendant") is, and at all  times
8  herein mentioned was, a corporation organized under the laws of the Delaware. Defendant
9  does not appear to be registered to conduct business in the State of California. Defendant has
10  obtained the benefits of the laws of the State of California and the California retail and labor
11  markets.

12    3.    Plaintiff is informed and believes, and thereon alleges, that each of the
13  Defendants was, at all times herein mentioned, the agent, employee, partner and/or
14  representative of one or more of the remaining Defendants and was acting within the course
15  and scope of such relationship.  Plaintiff is further informed and believes that each of the
16  Defendants herein gave consent to, ratified and authorized the acts alleged herein to each of
17  the remaining Defendants, and that Defendants are jointly and severally liable for Plaintiff's
18  damages.

19    4.    The true names and/or capacities, whether individual, corporate, associate, or
20  otherwise, of Defendants Does 1-20 inclusive are unknown to Plaintiff at this time, who
21  therefore sues said Defendants by such fictitious names.  When the true names and/or
22  capacities of said Defendants have been ascertained, Plaintiff will amend this complaint
23  accordingly.  Plaintiff is informed and believes and thereupon alleges that each defendant
24  designated herein as a Doe is responsible, negligently, intentionally, contractually, or in some
25  other actionable manner, for the events and happenings hereinafter referred to, and caused
26  injuries and damages proximately thereby to Plaintiff as is hereinafter alleged, either through
27  said defendants' own wrongful conduct or through the conduct of their agents, employees,
28  representatives, officers or attorneys, or in some other manner.

## JURISDICTION AND VENUE

5.     Venue is proper in this judicial district under Government Code section 12965(b) and Civil Procedure section 395 in that Plaintiff's injuries were incurred within this jurisdiction and that Plaintiff would have continued to work in this jurisdiction but for Defendant's discriminatory and retaliatory conduct.  Venue is likewise proper under Government Code section 12965(b) and Civil Procedure section 395 in that Defendant's place of business, where the following causes of action took place, was and is in the County of Santa Clara, at 3300 Olcott St., Santa Clara, California 95054.

## GENERAL ALLEGATIONS

6.     Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 5 above, as if fully set forth herein.

7.     Plaintiff is a 43 year old Latina female who, until June 19, 2018, devoted her entire 20 year sales career to ADP.

8.     ADP hired Plaintiff on July 6, 1998 as a Sales Trainee – GS. Over the years, Plaintiff diligently worked her way up to the title of Sales Executive within the Small Business Services ("SBS") group, ultimately training and supervising seven salespeople.

9.     Over the course of Plaintiff's nearly 20-year tenure with ADP, she became the top performer in the "Centric Region" (ADP's Small Business Division Sales Team in Northern California). Plaintiff's main responsibility was to bring new clients to ADP, and during her tenure Plaintiff achieved the following:

- 10 Presidents Club Awards (8 under the Sales Manager role).
- 1 Board of Directors Award as a Sales Executive.
- Achieved 117% performance in FY17.
- Achieved 112% performance in Fy16.
- Achieved 116% performance in Fy15.
- Achieved 113% performance in Fy14.
- Team turnover rate of less than 37% for 2017 and 2018.
- Trained, supervised and supported numerous salespeople who were

promoted to other Business Units at ADP.

• Brought in about $16 Million dollars in revenue to the division of Small Business Services at ADP.

10.    In addition to the above "hard" accomplishments, during the course of Plaintiff's nearly 20-year tenure, and until April 19, 2018, Plaintiff never received any formal or written discipline, was never placed on a Performance Improvement Plan, and never received a negative performance review or write-up.

11.    The division that Plaintiff worked in was known for being high energy and very fast paced, and Plaintiff's work schedule reflected this. Plaintiff regularly worked long hours and often worked six days per week, she carried a large quota, she trained and supported seven sales representatives, and she also provided support to over 500 accountants. Plaintiff also spent a significant amount of time mentoring her reports and helping them reach their work-related goals.

12.    Despite zero warnings, discipline or counseling, Plaintiff was abruptly terminated on April 19, 2018. On that day, Plaintiff was called into a meeting with Matt Roberts (ADP Vice President) and Nick Smith, (ADP's Divisional Vice President). Mr. Smith participated in the meeting via phone. During the meeting, Mr. Roberts told Plaintiff for the first time that he had concerns about Plaintiff's "management skills" for the "new generation" of Associate District Managers (ADMs/New Hires), the group of employees that reported to Plaintiff.  Mr. Roberts added that since he planned "to continue hiring individuals from this group," that Plaintiff had 60 days to find another job.  The few specific examples Mr. Roberts gave regarding his purported concerns about Plaintiff's "management skills" were not accurate.  For example, while Mr. Roberts accused Plaintiff of being "short" with her reports, this was not true.  In fact, managers who were younger, white, and/or male, including Mr. Roberts himself, routinely employed a far more direct management style than Plaintiff's, but were not disciplined.

13.    Plaintiff, shocked at the news that she was losing her job, expressed disappointment that any issues related to her performance were not discussed with her, and that she was not allowed to address them before turning to termination, particularly since she

1   had worked for ADP for nearly 20 years.  Mr. Roberts replied "thanks for the feedback, we will
2   take that into consideration next time" or words to that effect.

3        14.     At the end of the meeting, Mr. Roberts instructed Plaintiff on how she was to
4   explain her exit from ADP to her reports, specifically warning Plaintiff that she must not cause
5   any friction between management and Plaintiff's reports. Plaintiff left the meeting devastated
6   over her job loss, and also afraid of speaking to anyone about it given Mr. Roberts' warning
7   about how she had to explain her termination to others.

8        15.     On information and belief, after the April 19, 2018 meeting, Plaintiff's immediate
9   supervisor Meg Gold deleted Plaintiff from the Sales Manager meeting calendar invite and
10  Plaintiff was no longer allowed to participate in sales manager meetings. Plaintiff had regularly
11  attended these meetings as a manager prior to April 19, 2018.

12       16.     On May 15, 2018, Ms. Gold also sent Plaintiff a cancelation for the bi-weekly
13  one-on-one sessions between Ms. Gold and Plaintiff. Again, these were meetings Plaintiff had
14  regularly attended these meetings as a manager prior to April 19, 2018.

15       17.     On May 17, 2018, Ms. Gold informed Plaintiff that ADP reassigned Plaintiff's job
16  title and duties to another employee. Plaintiff was not provided with a new job title or new
17  responsibilities.

18       18.     On April 30, 2018, during a one-to-one meeting between Plaintiff and Ms. Gold,
19  Ms. Gold told Plaintiff that she wanted to throw Plaintiff a "going away" party in June.

20       19.     On information and belief, while Plaintiff was out of the office between May 18-
21  June 6, 2018, Ms. Gold discussed with a sales representative throwing Plaintiff a "going away"
22  lunch.

23       20.     On information and belief, on or about June 1, 2018, Ms. Gold announced
24  Plaintiff's replacement via conference call to the ADP team Plaintiff had led.

25       21.     On June 14, 2018, Ms. Gold called Plaintiff to inquire how her job search was
26  going and who she had interviewed with.

27       22.     On information and belief, on or about June 19, 2018, the employee who
28  replaced Plaintiff announced to another employee that Plaintiff's last day with ADP was June

1 | 29, 2019.

2 |     23.    Plaintiff diligently searched for other positions within ADP, and also outside of
3 | the organization, but was unable to secure new employment by the June 19, 2018 deadline
4 | set by Mr. Roberts.

5 |     24.    The last day Plaintiff performed work for ADP was June 19, 2018.

6 |     25.    On June 19, 2018, after Plaintiff sent Goldie Roque (Human Resources Business
7 | Partner) an email expressing disappointment that she was summarily dismissed after nearly
8 | 20 years with ADP, and asking where she should return the ADP property in her possession,
9 | Plaintiff was contacted for the first time by ADP Senior Human Resources Director Alexandria
10 | Brunetti asking to speak with Plaintiff and insisting that Plaintiff misunderstood the April 19,
11 | 2018 meeting with Matt Roberts and Nick Smith and that ADP had not terminated Plaintiff.

12 |     26.    Plaintiff responded to Ms. Brunetti's email and outlined exactly what took place
13 | at the April 19, 2018 meeting. In response, Ms. Brunetti insisted that Plaintiff speak with her.
14 | Given Ms. Brunetti's statement that Plaintiff "misunderstood" what transpired on April 19, 2018,
15 | Plaintiff requested that Ms. Brunetti explain, in writing, what her understanding was of the April
16 | 19, 2018 meeting. Ms. Brunetti refused to provide Plaintiff with a written explanation at all.

17 |     27.    On June 28, 2018, Plaintiff informed Ms. Brunetti that she was seeking legal
18 | counsel.

19 |     28.    On July 25, 2018, more than a month after Plaintiff's stated termination date, Ms.
20 | Brunetti contacted Plaintiff once more and offered Plaintiff a position as an "Elite Centric Sr.
21 | District Manager." The "Elite Centric Sr. District Manager" was a position considerably below
22 | Plaintiff's title of District Manager in terms of both responsibility and compensation. Moreover,
23 | ADP offered this position *only* after Plaintiff sought legal counsel.

24 |     29.    Despite having a "Progressive Discipline Policy" which allows for termination only
25 | under egregious circumstances, ADP did not follow this policy and instead, summarily
26 | terminated Plaintiff's 20-year employment due to her age, race and gender.

27 |     30.    Defendants acted as described in this Complaint in knowing violation and/or
28 | conscious disregard of Plaintiff's rights, and/or with the intent to injure Plaintiff.

5
**COMPLAINT FOR DAMAGES**

# FIRST CAUSE OF ACTION

### (Discrimination On The Basis Of Age In Violation of the FEHA)

31.    Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 30 above, as if fully set forth herein.

32.    At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 et seq., was in full force and effect and fully binding upon Defendants.  Plaintiff was a member of a group protected by the statute, in particular section 12940(a), prohibiting discrimination in employment based on age.  ADP's statement to Plaintiff that Plaintiff was terminated because ADP had concerns about Plaintiff's "management skills" for the "new generation" and that ADP intended to continue to hire employees of the "new generation" were blatantly ageist and delivered the message to Plaintiff that she was too old to properly manage employees of the "new generation."  All this, despite Plaintiff's performance record.

33.    Upon information and belief, ADP's conduct was consistent with a demonstrated track record of "laying off" employees age 40 and over, sometimes forcing or convincing employees into "early retirement."

34.    As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings, equity and other employment benefits and has incurred other economic losses.

35.    As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, anguish, and embarrassment all to Plaintiff's damage in an amount to be proven at the time of trial.

36.    In performing the acts alleged herein, Defendants acted fraudulently, maliciously, and willfully, entitling Plaintiff to punitive damages in an amount according to proof.

# SECOND CAUSE OF ACTION

### (Discrimination On The Basis Of Gender In Violation of the FEHA)

37.    Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 36 above, as if fully set forth herein.

38.     At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 et seq., was in full force and effect and fully binding upon Defendants.  Plaintiff was a member of a group protected by the statute, in particular section 12940(a), prohibiting discrimination in employment based on gender.  ADP's statement to Plaintiff that Plaintiff's "management style" was "short" were sexist and discriminatory.  Upon information and belief, several of ADP's male managers, including Mr. Roberts, were known for being difficult to work with and difficult to approach. Those male employees were not terminated.

39.     As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings, equity and other employment benefits and has incurred other economic losses.

40.     As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, anguish, and embarrassment all to Plaintiff's damage in an amount to be proven at the time of trial.

41.     In performing the acts alleged herein, Defendants acted fraudulently, maliciously, and willfully, entitling Plaintiff to punitive damages in an amount according to proof.

### THIRD CAUSE OF ACTION

### (Discrimination On The Basis Of Race, National Origin,

### And/Or Color In Violation Of FEHA)

42.     Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1 through 41 above, as if fully set forth herein.

43.     At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 et seq., was in full force and effect and fully binding upon Defendants.  Plaintiff was a member of a group protected by the statute, in particular section 12940(a), prohibiting discrimination in employment based on race, namely for being Latina.  ADP's statement to Plaintiff that Plaintiff's "management style" was "short" was implicitly based in part on Plaintiff's race/ethnicity, national origin, and/or color.  Upon information and belief, several of ADP's Caucasian employees, including Mr. Roberts, were

1  known for being difficult to work with and difficult to approach. Those Caucasian employees
2  were not terminated for being "short" or having an alleged difficult management style.

3      44.    As a direct, foreseeable and proximate result of Defendants' unlawful actions,
4  Plaintiff has suffered and continues to suffer substantial losses in earnings, equity and other
5  employment benefits and has incurred other economic losses.

6      45.    As a further direct, foreseeable and proximate result of Defendants' unlawful
7  actions, Plaintiff has suffered emotional distress, humiliation, anguish, and embarrassment
8  all to Plaintiff's damage in an amount to be proven at the time of trial.

9      46.    In performing the acts alleged herein, Defendants acted fraudulently,
10 maliciously, and willfully, entitling Plaintiff to punitive damages in an amount according to proof.

11                          **FOURTH CAUSE OF ACTION**
12              **(Failure to Prevent Discrimination In Violation of FEHA)**

13     47.    Plaintiff incorporates by reference each of the allegations contained in
14 Paragraphs 1 through 46 above, as if fully set forth herein.

15     48.    At all times herein mentioned, California's Fair Employment and Housing Act
16 ("FEHA"), California Government Code § 12940 et seq., was in full force and effect and fully
17 binding upon Defendants. This statute states that it is an unlawful employment practice in
18 California for an employer "to fail to take all reasonable steps necessary to prevent
19 discrimination and harassment from occurring."

20     49.    Prior to filing the instant Complaint, Plaintiff filed a timely administrative charge
21 with the DFEH and received a Right-To-Sue Letter.

22     50.    During the course of Plaintiff's employment, Defendants failed to prevent a
23 practice of intentional discrimination on the basis of race, national origin, color, gender, and
24 age.  Despite direct knowledge of the comments made by Mr. Roberts to Plaintiff and the
25 discriminatory nature of Mr. Roberts' decision to terminate Plaintiff's employment, Defendants
26 chose not to take any affirmative steps to address the discriminatory treatment. Instead,
27 Defendants ratified Mr. Roberts' discriminatory treatment of Plaintiff.

28     51.    As a direct, foreseeable and proximate result of Defendants' unlawful actions,

1  Plaintiff has suffered and continues to suffer substantial losses in earnings, equity and other

2  employment benefits and has incurred other economic losses.

3      52.    As a further direct, foreseeable and proximate result of Defendants' unlawful

4  actions, Plaintiff has suffered emotional distress, humiliation, anguish, and embarrassment all

5  to Plaintiff's damage in an amount to be proven at the time of trial.

6      53.    In performing the acts alleged herein, Defendants acted fraudulently,

7  maliciously, and willfully, entitling Plaintiff to punitive damages in an amount according to proof.

8                              **FIFTH CAUSE OF ACTION**

9          **(Wrongful Constructive Termination Of Employment In Violation Of Public Policy)**

10     54.    Plaintiff incorporates by reference each of the allegations contained in

11  Paragraphs 1 through 53 above, as if fully set forth herein.

12     55.    Defendants terminated Plaintiff's employment in violation of various fundamental

13  public policies underlying state and federal laws.    Specifically, Plaintiff's employment was

14  terminated in part because of her protected status (i.e., race, national origin, color, gender,

15  and age). These actions were in violation of FEHA and the California Constitution.

16     56.    As a direct, foreseeable and proximate result of Defendants' unlawful actions,

17  Plaintiff has suffered and continues to suffer substantial losses in earnings, equity and other

18  employment benefits and has incurred other economic losses.

19     57.    As a further direct, foreseeable and proximate result of Defendants' unlawful

20  actions, Plaintiff has suffered emotional distress, humiliation, anguish, and embarrassment all

21  to Plaintiff's damage in an amount to be proven at the time of trial.

22     58.    In performing the acts alleged herein, Defendants acted fraudulently,

23  maliciously, and willfully, entitling Plaintiff to punitive damages in an amount according to proof.

24                              **SIXTH CAUSE OF ACTION**

25              **(Wrongful Termination Of Employment In Violation Of Public Policy)**

26     59.    Plaintiff incorporates by reference each of the allegations contained in

27  Paragraphs 1 through 58 above, as if fully set forth herein.

28     60.    Plaintiff's termination was in violation of the fundamental public policy of the State

1 | of California including, but not limited to, as set forth in the FEHA, the Unruh Civil Rights Act,
2 | and the California Constitution.  Defendants explicitly fired Plaintiff at the April19, 201 meeting
3 | by notifying her that she had until June 19, 2018 to find other employment because she would
4 | lose her job with Defendant at that time. Defendant then immediately replaced Plaintiff with a
5 | younger, Caucasian employee. Defendant then failed to assist Plaintiff in finding an equivalent
6 | position within ADP.  When Plaintiff could not find new, equivalent employment, ADP took
7 | various steps that were reasonably calculated to force Plaintiff to resign, including, but not
8 | limited to, failing to provide Plaintiff with a new job title or job responsibilities, and refusing to
9 | investigate or remedy the discrimination that Plaintiff experienced.

10 |     61.    As a direct, foreseeable and proximate result of Defendants' unlawful actions,
11 | Plaintiff has suffered and continues to suffer substantial losses in earnings, equity and other
12 | employment benefits and has incurred other economic losses.

13 |     62.    As a further direct, foreseeable and proximate result of Defendants' unlawful
14 | actions, Plaintiff has suffered emotional distress, humiliation, anguish, and embarrassment all
15 | to Plaintiff's damage in an amount to be proven at the time of trial.

16 |     63.    In  performing  the  acts  alleged  herein,  Defendants  acted  fraudulently,
17 | maliciously, and willfully, entitling Plaintiff to punitive damages in an amount according to proof.

18 | **SEVENTH CAUSE OF ACTION**

19 | **(Intentional Infliction of Emotional Distress**

20 |     64.    Plaintiff  incorporates  by  reference  each  of  the  allegations  contained  in
21 | Paragraphs 1 through 63 above, as if fully set forth herein.

22 |     65.    Defendants'  discriminatory  actions  against  Plaintiff  constituted  severe  and
23 | outrageous misconduct and caused Plaintiff extreme emotional distress.

24 |     66.    Defendants  were  aware  that  treating  Plaintiff  in  the  manner  alleged  above,
25 | including depriving Plaintiff of her livelihood after nearly 20 years of dedicated and successful
26 | service, would devastate Plaintiff and cause her extreme hardship.

27 |     67.    As a proximate result of Defendants extreme and outrageous conduct, Plaintiff
28 | has suffered and continues to suffer emotional distress, humiliation, and mental anguish, all

to her damage in a sum according to proof.

68.     Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For compensatory damages, including but not limited to, lost back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits, lost equity, damages for emotional distress and pain and suffering, according to proof allowed by law;

2.     For punitive damages allowed by law;

3.     For restitution and/or disgorgement;

4.     For an award to Plaintiff of costs of suit incurred here and reasonable attorneys' fees;

5.     For costs of suit incurred herein;

6.     For an award of prejudgment and post-judgment interest; and

7.     For and award to Plaintiff of such other further legal and equitable relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

8.   Plaintiff demands a trial by jury as to all counts.

Respectfully submitted,

Dated:  January 27, 2020                    ResolvEmployment Law

By: _/s/ Claudia J. Castillo_
                                                         Claudia J. Castillo

                                                         Attorneys for Plaintiff
                                                         Maria Sandoval

11

**COMPLAINT FOR DAMAGES**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Claudia J. Castillo (215603); Noah Levin (263069)<br>ResolvEmployment Law/Law Offices of Noah Levin<br>1592 Union St., #1650, San Francisco, CA 94123/claudia@resolvemploymentlaw.com<br>1592 Union St., Ste. 280, San Francisco, CA 94123/noah@lawofficesofnoahlevin.com<br>TELEPHONE NO.: (415)346-9530          FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff Maria Sandoval | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 1/27/2020 3:06 PM<br>Reviewed By: D Harris<br>Case #20CV362564<br>Envelope: 3944018** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara<br>STREET ADDRESS: 191 N. First St.<br>MAILING ADDRESS: 191 N. First St.<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: Downtown Superior Court | |

| CASE NAME:<br>Maria Sandoval v. ADP, LLC | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 20CV362564 |
|---|---|---|
| [✓] Unlimited     [ ] Limited<br>  (Amount          (Amount<br>  demanded        demanded is<br>  exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
**4.** Number of causes of action *(specify)*:
**5.** This case [ ] is   [✓] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 27, 2019

Claudia J. Castillo
_____          ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or
toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil
harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex
case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified
above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

20CV362564
Santa Clara – Civil

**ATTACHMENT CV-5012** Harris

## ·CIVIL· LAWSUIT NOTICE

20CV362564

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: _____

<div style="border:1px solid">

## PLEASE READ THIS ENTIRE FORM

</div>

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT (The person sued):* You must do each of the following to protect your rights:

1. **You must file a written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: _____Barrett, Thang N_____ Department:_____

The 1st CMC is scheduled for: (Completed by Clerk of Court)
   Date: 06/02/2020   Time: 3:45 pm   in Department: 21

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
   Date: _____ Time: _____ in Department:_____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
## CIVIL DIVISION

Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court                       Santa Clara County DRPA Coordinator
ADR Administrator                                       408-792-2784
408-882-2530

---

CV-5003 REV 6/26/13          **ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
                                              **CIVIL DIVISION**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Claudia J. Castillo (215603); Noah Levin (263069)<br>ResovEmployment Law/Law Offices of Noah Levin<br>1592 Union St., Ste. 1650, San Francisco, CA 94123<br>1592 Union St., Ste. 280, San Francisco, CA 94123<br><br>  TELEPHONE NO.: (415) 346-9530    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): claudia@resolvemploymentlaw.com<br>  ATTORNEY FOR (Name): Plaintiff Maria Sandoval | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| STREET ADDRESS: 191 N. First St.<br>MAILING ADDRESS: 191 N. First St.<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: Downtown Superior Court | |

| PLAINTIFF/PETITIONER: Maria Sandoval | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ADP, LLC | 20CV362564 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [X] summons

   b. [X] complaint

   c. [X] Alternative Dispute Resolution (ADR) package

   d. [X] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [X] other *(specify documents):* Civil Lawsuit Notice

3. a. Party served *(specify name of party as shown on documents served):*
      ADP, LLC

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   CT Corp, 818 W. 7th St., Suite 930, Los Angeles, CA 90017

5. I served the party *(check proper box)*

   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                    (2) at *(time):*

   b. [ ] by substituted service. on *(date):*                at *(time):*           I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*           from *(city):*           or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 (Rev. January 1, 2007) | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |
|---|---|---|

**POS-010**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Maria Sandoval<br>DEFENDANT/RESPONDENT: ADP, LLC | CASE NUMBER:<br>20CV362564 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                 (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

     ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify):* ADP, LLC
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ·   ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                            ☒ other: Limited Liability Company

7. **Person who served papers**

  a. Name:

  b. Address:

  c. Telephone number:

  d. The fee for service was: $

  e. I am:

    (1) ☐ this is the court in the county in which the arbitration was held.

    (2) ☐ the arbitration was not held exclusively in any county of California, and

    (3) ☐ a registered California process server:

        ☐ owner    ☐ employee    ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    **or**

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: _____

_____       ▶ _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

EXHIBIT "2"


## CT Corporation

**Service of Process Transmittal**
02/18/2020
CT Log Number 537216264

**TO:** Alice Quinn, Subpoena Recipient
Automatic Data Processing, Inc.
Mail Stop #325, One ADP Boulevard
Roseland, NJ 07068

**RE:** **Process Served in California**

**FOR:** ADP, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Maria Sandoval, Pltf. vs. ADP, LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Proof, Attachments |
| **COURT/AGENCY:** | Santa Clara County - Superior Court - San Jose, CA<br>Case # 20CV362564 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 04/19/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/18/2020 at 15:16 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Claudia J. Castillo<br>ResolvEmployment Law<br>1592 Union Street. Ste. 1650<br>San Francisco, CA 94123<br>(415) 346-9530 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/19/2020, Expected Purge Date: 02/24/2020<br><br>Image SOP<br><br>Email Notification,  Alice Quinn  alice.quinn@adp.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT "3"

20CV362564
Santa Clara – Civil

Y. Chavez

1
2
3
4

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax

SHERRY B. SHAVIT, ESQ.; STATE BAR NO.: 193222
EDWARD M. DEMIRJIAN, ESQ.; STATE BAR NO. 317168

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/12/2020 1:49 PM
Reviewed By: Y. Chavez
Case #20CV362564
Envelope: 4161033

5   Attorneys for Defendant,
6   ADP, LLC

7

8   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9   COUNTY OF SANTA CLARA

10

11  MARIA SANDOVAL,                          Case No. 20CV362564

12              Plaintiff,                    Complaint Filed: January 27, 2020
                                             *Civil Unlimited Jurisdiction*
13  v.                                       *[Assigned to the Hon. Thang N. Barrett; Dept. 21]*

14  ADP, LLC and DOES 1-20,                  **DEFENDANT ADP, LLC'S ANSWER TO**
                                             **PLAINTIFF MARIA SANDOVAL'S**
15              Defendants.                   **COMPLAINT**

16

17

18

19       Defendant ADP, LLC ("Defendant") hereby submits this Answer for itself and no one else

20  in response to Plaintiff MARIA SANDOVAL'S ("Plaintiff's") Complaint as follows:

21                              **GENERAL DENIAL**

22       Pursuant to the provisions of *Code of Civil Procedure* § 431.30, Defendant denies generally

23  each and every allegation contained in the Complaint, and further denies that Plaintiff is entitled to

24  damages, civil penalties, attorneys' fees, prejudgment interest, costs of suit, or any other relief of any

25  kind whatsoever.  Defendant further denies that Plaintiff has sustained, or will sustain, any losses in

26  the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct

27  or absence thereof on the part of Defendant.

28  ///

- 1 -
DEFENDANT ADP, LLC'S ANSWER TO PLAINTIFF MARIA SANDOVAL'S COMPLAINT

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses, which it designates, collectively, as "affirmative defenses." Defendant's designation of its defenses as "affirmative" is not intended in any way to alter Plaintiff's burden of proof with regard to any element of Plaintiff's causes of action. Defendant incorporates (as if fully set forth therein) this express denial each and every time it references "Plaintiff" herein.

## FIRST AFFIRMATIVE DEFENSE

## (FAILURE TO STATE A CLAIM)

1. The Complaint, and each and every cause of action and/or claim for relief alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

## (STATUTE OF LIMITATIONS)

2. Any common law tort, contract and/or statutory cause of action purportedly asserted in Plaintiff's Complaint is barred by the provisions of all applicable statutes of limitations, including without limitation *Code of Civil Procedure* §§ 335.1, 338, and 340, and/or *Government Code* § 12960, *et seq.*, to the extent Plaintiff seeks relief for conduct occurring outside of the relevant statute of limitations period.

## THIRD AFFIRMATIVE DEFENSE

## (FAILURE TO STATE A CLAIM FOR PUNITIVE DAMAGES)

3. Plaintiff's claim for punitive damages is barred in that she has failed to plead facts sufficient to support allegations of malice, oppression, fraud and despicable conduct to support recovery of punitive damages under *Civil Code* § 3294.

## FOURTH AFFIRMATIVE DEFENSE

## (NO KNOWLEDGE OF ALLEGED OPPRESSION, FRAUD, OR MALICE)

4. Without admitting to any of the acts, conduct or statements attributed to Defendant by Plaintiff or in Plaintiff's Complaint, they are barred because the acts, conduct or statements contained in Plaintiff's Complaint were not taken with the advance knowledge, conscious disregard,

///

authorization, ratification or act of oppression, fraud or malice on the part of an officer, director, or managing agent of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (CONSTITUTIONAL BAR ON PUNITIVE DAMAGES)

5.   Plaintiff is not entitled to recover the punitive damages alleged in the Complaint as an award of punitive damages would violate Defendant's rights under the Constitution of the United States of America and under the Constitution of the State of California, including but not limited to Defendant's right to procedural and substantive due process and protection from excessive fines.

## SIXTH AFFIRMATIVE DEFENSE

### (BUSINESS NECESSITY)

6.   Any conduct Defendant took towards Plaintiff was undertaken by reason of business necessity and/or for lawful business reasons.

## SEVENTH AFFIRMATIVE DEFENSE

### (LACK OF DAMAGES AND/OR HARM)

7.   Plaintiff suffered no harm, sustained no damages, and/or was not aggrieved as a result of the actions allegedly taken by Defendant, and is thus barred from recovery on any cause of action against Defendant, or any of them.

## EIGHTH AFFIRMATIVE DEFENSE

### (LEGITIMATE BUSINESS JUDGMENT)

8.   Any and all conduct of which Plaintiff complains, which is attributed to Defendant and/or which Defendant undertook was a just and proper exercise of discretion and business judgment, undertaken for a fair and honest reason and regulated by good faith under the circumstances then existing.

## NINTH AFFIRMATIVE DEFENSE

### (FAILURE OF OBLIGATIONS)

9.   Plaintiff failed to perform all obligations as required by the terms of any and all employment arrangements entered into with Defendant and that performance and/or failure to perform on Plaintiff's part was a condition precedent to the performance of Defendant's obligations.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## TENTH AFFIRMATIVE DEFENSE

### (WAIVER)

10. Plaintiff may not seek relief from this Court as Plaintiff's claims, or any of them, are barred, in whole or in part, by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

11. Plaintiff may not seek relief from this Court as the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

### (LACHES)

12. The Complaint, and each count set forth therein, is barred, in whole or in part, by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

13. Plaintiff may not seek relief from this Court as the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE)

14. Plaintiff has failed to take reasonable actions to mitigate her damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (INTEREST)

15. The Complaint fails to properly state a claim upon which interest may be awarded as requested in the Prayer, as the damages and/or penalties claimed are not sufficiently certain to allow an award of interest.

///

///

///

DEFENDANT ADP, LLC'S ANSWER TO PLAINTIFF MARIA SANDOVAL'S COMPLAINT

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## SIXTEENTH AFFIRMATIVE DEFENSE

### (CONSENT)

16. Without admitting that Defendant engaged in any of the acts or conduct attributed to Defendant in the Complaint, such acts were consented to by Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (FRIVOLOUS)

17. Plaintiff's claims are frivolous and known by Plaintiff to be frivolous and without foundation in fact or law.  Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendant.  Accordingly, Defendant is entitled to attorneys' fees and other appropriate costs and expenses.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (AT-WILL EMPLOYMENT)

18. Plaintiff's employment was terminable at-will pursuant to California *Labor Code* § 2922.

## NINETEENTH AFFIRMATIVE DEFENSE

### (GOOD CAUSE)

19. The Complaint, and each purported cause of action contained therein, cannot be maintained against Defendant because good cause existed for each and every action taken by Defendant with respect to Plaintiff's alleged employment.

## TWENTIETH AFFIRMATIVE DEFENSE

### (FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)

20. The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff has failed to exhaust her administrative remedies.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (ASSUMPTION OF RISK)

21. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute any cause of action in that Plaintiff assumed the risk of the occurrences and damages alleged therein.

///

DEFENDANT ADP, LLC'S ANSWER TO PLAINTIFF MARIA SANDOVAL'S COMPLAINT

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (COMPARATIVE FAULT)

22. Plaintiff, by her own acts and conduct, contributed to the damages complained of, and the liability of Defendant, if any, for the purported damages suffered by Plaintiff must be reduced by an amount proportionate to Plaintiff's comparative fault.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (PROXIMATE CAUSE)

23. Plaintiff, by her own acts and conduct, proximately caused the damages complained of and, therefore, Defendant has no liability for the purported damages suffered by Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (PROXIMATE CAUSE)

24. Plaintiff's alleged damages were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (NO CAUSAL NEXUS)

25. Defendant asserts that there is no causal nexus between any alleged protected activity by Plaintiff and any tangible adverse employment action allegedly taken by Defendant, if ever established.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (INTERVENING AND SUPERSEDING CAUSATION)

26. Plaintiff's alleged injuries were not caused by Defendant. New and intervening causes, and/or Plaintiff herself, may be the proximate cause of Plaintiff's alleged injuries.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (FULL PERFORMANCE, SATISFACTION OR DISCHARGE)

27. The existence of any duties or obligations, which Plaintiff alleges is owed by Defendant have been fully performed, satisfied, discharged or complied with.

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

## (FAILURE TO USE PREVENTATIVE OPPORTUNITIES)

28. Defendant exercised reasonable care to prevent and correct promptly any improper behavior allegedly reported to them, and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

## (AVOIDABLE CONSEQUENCES)

29. Any damages that would otherwise be recoverable by Plaintiff (while denying that any such damages exist) should be limited by virtue of the doctrine of avoidable consequences as set forth in *State Department of Health Services v. Superior Court*, 31 Cal. 4th 1026, 1043 (2003), because: (a) Defendant exercised reasonable care to prevent and correct promptly any unlawful behavior including, but not limited to, having in place appropriate policies and procedures; (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant to employees or to "otherwise avoid harm" as that expression is used in *Burlington Northern Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); and (c) Plaintiff's reasonable use of Defendant's policies and procedures would have prevented at least some, or all, of the purported harm of which Plaintiff now complains.

## THIRTIETH AFFIRMATIVE DEFENSE

## (BAD FAITH)

30. The Complaint, and each purported cause of action contained there, is barred because Plaintiff was, at all relevant times, acting in bad faith.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

## (AFTER-ACQUIRED EVIDENCE)

31. To extent that during the course of this litigation Defendant acquires any evidence of wrongdoing on the part of Plaintiff, or in relation to Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being either demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's prayer for liability or damages and shall reduce such prayers as provided by law.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (PLAINTIFF'S NEGLECT)

32. Defendant alleges that the Complaint and each cause of action set forth therein are barred, or any recovery should be reduced, because of Plaintiff's own neglect and fault in connection with the matters alleged therein.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (WORKERS' COMPENSATION PREEMPTION/ EXCLUSIVITY RULE)

33. The Complaint, and every cause of action therein, fails to state facts sufficient to constitute any cause of action over which this Court has jurisdiction in that, to the extent Plaintiff allegedly suffered workplace injuries, the exclusive remedy for such purported injuries is workers' compensation.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (MIXED MOTIVE)

34.     Defendant alleges that even assuming, *arguendo*, that Defendant was motivated by discriminatory animus in taking any tangible adverse employment action against Plaintiff, Defendant would have made the same decision absent such alleged discrimination.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (ADDITIONAL AFFIRMATIVE DEFENSES)

35.     Defendant is informed and believe, and thereon allege, that certain additional affirmative defenses are available to Defendant.  Said affirmative defenses will require further discovery and/or investigation before they can be properly alleged.  Defendant will move to amend its Answer to allege such affirmative defenses once they have been fully ascertained and can be properly alleged.

///

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## **PRAYER**

**WHEREFORE,** Defendant prays for judgment dismissing the Complaint with prejudice, that Plaintiff takes nothing, that judgment be entered for Defendant, and that Defendant be awarded its attorneys' fees and costs of suit herein, and for such other and further relief as the Court determines is proper.

Dated: March 12, 2020

THARPE & HOWELL, LLP

By: _____
SHERRY B. SHAVIT
EDWARD M. DEMIRJIAN
Attorneys for Defendant
ADP, LLC

DEFENDANT ADP, LLC'S ANSWER TO PLAINTIFF MARIA SANDOVAL'S COMPLAINT

1

<div align="center">

**PROOF OF SERVICE**

</div>

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3   1.   At the time of service I was at least 18 years of age and **not a party to this legal action.**

4   2.   My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

5   3.   I served copies of the following documents (specify the exact title of each document served):

6

<div align="center">

**DEFENDANT ADP, LLC'S ANSWER TO PLAINTIFF MARIA SANDOVAL'S
COMPLAINT**

</div>

7

8   4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

9

| | |
|---|---|
| Claudia Castillo, Esq.<br>**ResolvEmployment Law**<br>1592 Union Street, Suite 1650<br>San Francisco, CA 94123<br>Tel: (415) 346-9530<br>E-mail: claudia@resolvemploymentlaw.com<br><br>**VIA ONE LEGAL (E-SERVICE) AND
U.S. MAIL** | Attorneys for Plaintiff,<br>MARIA SANDOVAL |
| Noah Levin, Esq.<br>**Law Offices of Noah Levin**<br>1592 Union Street, Suite 280<br>San Francisco, CA 94123<br>Tel: (415) 547-0626<br>E-mail: noah@lawofficesofnoahlevin.com | Attorneys for Plaintiff,<br>MARIA SANDOVAL |

10

11

12

13

14

15

16

17

18   5.   a.   ____   **By personal service.** I personally delivered the documents on the date shown
     below to the persons at the addresses listed above in item 4. (1) For a party
     represented by an attorney, delivery was made to the attorney or at the attorney's
     office by leaving the documents in an envelope or package clearly labeled to
     identify the attorney being served with a receptionist or an individual in charge of
     the office. (2) For a party delivery was made to the party or by leaving the
     documents at the party's residence between the hours of eight in the morning and six
     in the evening with some person not less than 18 years of age.

19

20

21

22

23   b.   **X**   **By United States mail.** I enclosed the documents in a sealed envelope or package
     addressed to the persons at the addresses in item 4 and *(specify one):*

24          (1)   ____   deposited the sealed envelope with the United States Postal Service, with
          the postage fully prepaid on the date shown below, or

25

26

27

28

<div align="left">

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

</div>

<div align="center">

- 10 -

**DEFENDANT ADP, LLC'S ANSWER TO PLAINTIFF MARIA SANDOVAL'S COMPLAINT**

</div>

(2) __X__ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ___ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. __X__ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date): March 12, 2020*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 3/12/2020 | DARLENE MELARA | *Darlene Melara* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\31000-000\31288\Pleadings\Answer.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

DEFENDANT ADP, LLC'S ANSWER TO PLAINTIFF MARIA SANDOVAL'S COMPLAINT